UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH D. CRISWELL,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:22-cv-05326-TLF

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on plaintiff's motion for attorney fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 15. Plaintiff seeks a total of $10,435.84. *Id*. Defendant opposes the motion and argues that some of the charges are excessive. Dkt. 18. For reasons set forth below, the Court will grant plaintiff's motion without the reduction the Commissioner requests.

DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR
ATTORNEY'S FEES - 1

Further, if the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

Defendant does not dispute that plaintiff is entitled to an award of fees under the EAJA. Dkt. 18. Instead, defendant argues that the time expended by plaintiff's attorney is not reasonable. *Id.* Specifically, defendant objects to the reasonableness of the 43.2 attorney hours spent on this case, 36.5 of which were spent reviewing the file and preparing the opening brief. *Id*. Defendant argues plaintiff's requested fee should be reduced by 10 percent. *Id*.

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). In determining whether the hours expended were reasonable, this Court will consider: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429-30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Furthermore, "a district court

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR
ATTORNEY'S FEES - 2

can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of SSA,* 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112-13 (9th Cir. 2008).

Here, the Commissioner contends that plaintiff's counsel spent an unreasonable amount of time writing the opening brief, based on plaintiff's use of two attorneys and inclusion of conclusory arguments and recitations of facts in the record. Dkt. 18 at 2-3. The Commissioner asserts that the briefing in this case recalls two other cases in which this Court reduced the amount awarded to plaintiff for duplicative work and extensive summaries of the record. Dkt. 18 at 3 (citing *Martin v. Berryhill*, Case No. 16-05344-TLF, 2017 WL 3581635, at *2 (W.D. Wash. Aug. 17, 2017); *Darden v. Comm'r of Soc. Sec.*, Case No. 20-6098-TLF, 2022 WL 2192912 at *1-2 (W.D. Wash. June 16, 2022))

In view of the parties' briefing and the lengthy administrative record in this case, the Court cannot conclude that plaintiff's counsel spent an unreasonable number of hours on this case. As plaintiff points out, the administrative record in this case ran 2741 pages, and while the issues were not particularly complex, the size of the record dwarfs the 738-page record of *Martin*, and the 621-page record of *Darden*, the cases cited by Commissioner. Dkt. 19, at 3. Although the opening brief contained long summaries of the medical record, the Court does not find that the brief failed to connect its references to the record with meaningful legal arguments. *See* Dkt. 10 at 3-4, 6-8, 12-18. In addition, after reviewing counsel's itemization of time spent on different tasks in preparing the case, the Court accepts the statement of plaintiff's counsel that the two

attorneys and one paralegal who worked on the case did not duplicate their efforts. *See* Dkt. 15-2, at 1; Dkt. 20 at 2-4.

CONCLUSION

For the above stated reasons, the Court grants plaintiff's motion for attorney's fees in the amount of $10,435.84 and expenses in the sum of $6.75. Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney.

The Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that plaintiff does not owe a debt, the government shall honor plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Kassel Yanich, plaintiff's counsel. If there is an offset, any remainder shall be made payable to plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to plaintiff's counsel, Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501, based on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Dkt. 17).

Dated this 22nd day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge